417 So.2d 924 (1982)
Tyrone HINES
v.
STATE of Mississippi.
No. 53281.
Supreme Court of Mississippi.
July 28, 1982.
J.R. Gilfoy, Lexington, for appellant.
Bill Allain, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and BROOM and ROY NOBLE LEE, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal by Tyrone Hines from a verdict and sentence for armed robbery in the Circuit Court of Holmes County, Mississippi. Hines was sentenced to twenty-five years in the Mississippi Department of Corrections. Feeling aggrieved, he appeals.
According to the testimony of Mrs. Carl R. Arnold, the victim, Tyrone Hines and Shelton White entered her grocery and service station in West, Mississippi, on November 11, 1980, shortly before noon. After purchasing a package of cigarettes, beer and $1.00 of gas, Hines and White drove away. Both men returned within two hours to Arnold Grocery and Service Station. After asking for a beer, one of them struck Mrs. Arnold on the forehead twice with the butt of a .38 revolver. The appellant then threatened the victim that he would kill her if she moved. A cash box containing approximately $550.00 was taken. The testimony is conflicting as to who struck Mrs. Arnold. White testified that he entered the store with a .38 and Hines had a .32 automatic in his sock. White states that he struck the victim first and Hines hit her again as she fell. Mrs. Arnold, who was seventy-six years of age and suffering from arthritis, testified that she did not actually see who hit her. However, she stated that Hines was nearer to her when the blows were struck and that White would have been unable to reach her from his position in the store. Tyrone Hines did not testify at the trial.
According to Shelton White's testimony earlier that morning Tyrone Hines, Roger Miller, Nathaniel Bailey and White had decided to rob the Arnold Grocery and Service Station in order to "get some money." After the robbery, Hines and White fled in Miller's car and met with Bailey and Miller on a dirt road in order to switch cars.
Officer Nicky Johnson of the Durant Police Department, having been notified of the armed robbery, spotted a car and occupants matching the description of the alleged assailants. While attempting to flee, the assailant's vehicle went out of control and skidded off the road. Officer Johnson, assisted by the sheriff's department, arrested Nathaniel Bailey, Roger Miller, Shelton White and the defendant, Tyrone Hines. The officers recovered Mrs. Arnold's cash box and a .32 automatic from outside the vehicle, a .38 revolver under the front seat, an automatic shotgun from the back seat and a pump shotgun from the trunk.
*925 At his trial for armed robbery, the defendant's motion for a directed verdict was overruled and the defendant rested without presenting any evidence on his behalf.
The appellant first contends on appeal that the court erred in failing to grant his motion for a directed verdict of acquittal at the conclusion of the state's case. We find this assignment to be wholly without merit. Conflicts in the evidence are to be resolved by the jury. The facts recited above were more than ample to support the jury verdict.
The appellant next argues that the court erred in failing to declare a mistrial, or in the alternative, to replace a juror, who was allegedly asleep, with an alternate juror to conclude the case.
It was claimed that the juror had been asleep during the closing argument of the appellant.
The trial judge made a finding that if the juror was indeed asleep, he awoke before the matter was brought to the attention of the court by appellant's counsel. This finding was made during the appellant's motion for a J.N.O.V. or in the alternative for a new trial, at which time the trial judge stated, in overruling the appellant's motion:
... .
On the second ground, the Court has a few comments to make concerning its own observation of what did take place. The Court was not looking at the jury when Mr. Gilfoy pointed out to the Court that we had a juror who was asleep. I looked at the jury and juror Dixon did have his head down and his hands over his eyes. The juror next to him hit him in the side or punched him in the side and he looked at the juror and said to him, "I am not asleep," and he looked at the Court and said "I am not asleep." The argument proceeded. The defense argued. Mr. Gilfoy was going through his argument at which time Mr. Gilfoy again pointed out that juror Dixon appeared to be asleep, at which time I looked again at Dixon and I watched him thereafter throughout the argument. He did have his head down and he had his hands over his eyes but when the comment was made by Mr. Gilfoy he raised his head and looked at me and said "I am not asleep." Therefore, the Court is of the opinion that if juror Dixon was asleep he awoke. He was awakended by his fellow who punched him in the side when Mr. Gilfoy brought it to my attention and thereafter the Court is convinced from his responses to me, which were made directly to me after Mr. Gilfoy pointed out that he was asleep, that he was not in fact asleep because he moved his hands and raised his eyes and indicated that he was not asleep.
In this case, the trial judge found that the juror was not asleep and thus there was no need to remove him from hearing the rest of the case.[1]
We hold that due to the trial judge's finding that the juror was indeed awake, the appellant's assignment of error is without merit.
The remaining assignments of error are without merit and warrant no discussion.
For the reasons stated above, the cause is affirmed.
AFFIRMED.
PATTERSON, C.J., SUGG, P.J., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.
PRATHER, J., takes no part.
NOTES
[1] It has been most helpful to us that the trial judge explain his reasons for leaving the juror.