919 So.2d 250 (2005)
Lorenzo WILLIAMS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-02605-COA.
Court of Appeals of Mississippi.
June 28, 2005.
*251 Thomas M. Fortner, Jackson, Lynn Watkins, attorneys for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before KING, C.J., IRVING and GRIFFIS, JJ.
KING, C.J., for the Court.
¶ 1. Lorenzo Williams was convicted of burglary of a business under Mississippi Code Annotated Section 97-17-33 (Rev. 2000). He was sentenced as an habitual offender, under Mississippi Code Annotated Section 99-19-81 (Rev.2000), to seven years of incarceration in the custody of the Mississippi Department of Corrections. Aggrieved, Williams appeals asserting the following issues, which we quote verbatim:
I. The trial Court erred when it rejected the motions of Mr. Williams for a directed verdict at the conclusion of the prosecution's case-in-chief, the request for a peremptory instruction and later, the motion for judgment notwithstanding the verdict, as the prosecution failed to prove beyond a reasonable doubt that Mr. Williams was the one who committed the breaking, an essential element of the charge;
II. The trial Court erred in denial of the motion for a mistrial based upon the fact that a juror continued to sleep throughout the most of the trial, and thus deprived Mr. Williams of his fundamental right to a fair and impartial trial by jury under the federal and state constitutions;
III. The trial Court erred when it rejected the motion for a mistrial by Mr. Williams, as well as when it overruled defense objections to the testimony of state witness Wayne Humphreys. The prosecution violated URCCC 9.04 in its failure to notify Mr. Williams of its intent to call Mr. Humphreys prior to trial, thereby subjecting Mr. Williams to unfair surprise and undue prejudice;
IV. The trial Court committed reversible error in its denial of the motion for a mistrial based on prosecutorial misconduct for publication of an exhibit not properly in evidence to the jury;
V. The trial Court abused its discretion when it permitted the introduction of evidence of prior arrests in violation of Mississippi Rule of Evidence 404 and a pre-trial ruling barring mention of prior arrests, thereby producing unfair prejudice against Mr. Williams, and
VI. The trial Court erred in its failure to issue sua sponte a limiting instruction after improper examination by the prosecutor of state witness Charles Taylor regarding the fact that pliers, which can be used as a burglary tool, were recovered from the person of Mr. Williams.

*252 FACTS
¶ 2. On May 24, 2002, the Trustmark National Bank Terry Road branch located at 1725 Terry Road in Jackson was burglarized. A window located near the employee lounge area of the bank was broken, which triggered the bank's alarm. Day Detectives Patrolman Randy Owens responded to the alarm at about 1:38 a.m. Upon investigation of the property, Owens discovered the broken glass window and a black bag of coins. Owens observed Williams emerging from the back door of the bank. Owens detained Williams and awaited the arrival of the Jackson Police Department. The Jackson Police Department and Federal Bureau of Investigation arrived on the scene and arrested Williams for the burglary of the bank.
¶ 3. Fingerprints taken at the scene from a coin dispenser matched Williams' fingerprints. This coin dispenser was located in a restricted access portion of the bank and was used only by bank tellers.

ISSUES AND ANALYSIS

I. Legal Sufficiency of Evidence
¶ 4. Williams contends that the State failed to prove all of the elements of burglary, and therefore the trial court erroneously overruled his motions for directed verdict, peremptory instruction and judgment notwithstanding the verdict. Mississippi Code Annotated Section 97-17-33(1) (Rev.2000), which defines burglary, in pertinent part, provides:
Every person who shall be convicted of breaking and entering, in the day or night, any shop, store . . . in which any goods, merchandise, equipment or valuable thing shall be kept for use, sale, deposit, or transportation, with intent to steal therein, or to commit any felony. . . shall be guilty of burglary, and imprisoned in the penitentiary not more than seven (7) years.
¶ 5. When addressing the legal sufficiency of the evidence, our authority to disturb the jury's verdict is quite limited. Clayton v. State, 652 So.2d 720, 724 (Miss.1995). We consider the evidence in the light most consistent with the verdict. Id. We may not reverse unless one or more of the elements of the offense charged is such that reasonable and fair-minded jurors could only find the accused not guilty. McClain v. State, 625 So.2d 774, 778 (Miss. 1993). The credible evidence consistent with the verdict must be accepted as true and the prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Id.
¶ 6. The prosecution presented evidence that (1) Williams' fingerprints were found on a coin dispenser located in a restricted portion of the bank; (2) patrolman Owens witnessed Williams emerging from a back door of the bank at approximately 1:38 a.m.; (3) Williams was dressed in a heavy jacket and long sleeve shirt in the middle of May; (4) the point of entry was a broken glass window; (5) Williams had broken glass particles in his clothing and on his person and (6) Williams had possession of a bag of coins taken from the bank.
¶ 7. It is the role of the jury to determine the credibility of witnesses and the weight to be accorded their testimony, and that decision will not be disturbed unless it is clearly erroneous. Lewis v. State, 580 So.2d 1279, 1288 (Miss.1991); Benson v. State, 551 So.2d 188, 193 (Miss.1989); Dixon v. State, 519 So.2d 1226, 1228 (Miss. 1988); Temple v. State, 498 So.2d 379, 382 (Miss.1986).
¶ 8. There was substantial and credible evidence presented to the jury, upon which they could and did find Williams guilty of *253 the offense of burglary. This issue is without merit.

II. Sleeping Juror
¶ 9. Williams contends that the trial court erred in denying his motion for mistrial because a juror slept throughout most of the trial, and thereby deprived him of the right to a fair and impartial trial by jury. Upon being faced with the request for a mistrial, the trial court stated:
The Court is not going to declare a mistrial. The Court observed that woman when it was called to the attention of the Court that she was nodding off. The Court observed her. In fact the Court observed her before then. Not every minute but did observe her throughout the case. In fact, most or much of the time she seemed to be looking either at the witness or between the witness and me.
¶ 10. The trial judge observed the matter first hand and was in a better position to determine whether or not the juror was asleep. Our Supreme Court held in Hines that a trial judge's observation that a juror was awake provided sufficient evidence to deny a motion for mistrial or replacement of an alternate juror. Hines v. State, 417 So.2d 924, 925 (Miss.1982). We find no merit in this issue.

III. & IV. Prosecutorial Misconduct and Motion for Mistrial
¶ 11. The Court will first address the denial of motions for mistrials due to the alleged misconduct of the prosecution in its failure to provide a listing of witnesses and providing a publication of an exhibit not properly entered into evidence.
¶ 12. We review the trial court's decision to grant, or deny, a mistrial under an abuse of discretion standard. Horne v. State, 487 So.2d 213, 214 (Miss.1986). A trial judge possesses the authority to declare a mistrial where prosecutorial conduct substantially deflects the attention of the jury from the issues that it has been called upon to decide or appeals to bias, passion, or prejudice, and, therefore, significantly impairs a defendant's right to a fair trial. Hickson v. State, 472 So.2d 379, 384 (Miss.1985). The trial judge is permitted considerable discretion in determining whether a mistrial is warranted since the judge is best positioned for measuring the prejudicial effect. Id. (citing Roundtree v. State, 568 So.2d 1173, 1178 (Miss.1990)). Further, the aggrieved party must make a timely objection. In Meena v. Wilburn, 603 So.2d 866 (Miss.1992), the Mississippi Supreme Court stated:
Of utmost importance, a judge can only make a determination of prejudice if the defendant makes a timely objection and motion for mistrial . . . Timeliness means the objection and motion must be made contemporaneously with the alleged improper utterance. This is well-known as the "contemporaneous objection rule" . . . . (citation omitted) Contemporaneousness is critical because it allows the judge to avert a mistrial, if possible, by admonishing the jury to disregard the utterance.
Id. at 874.
¶ 13. Although objections were made the previous day, a review of the record indicates Williams submitted ore tenus motions for mistrial on the day following the matters objected to. Even had they been timely, the motions for mistrial were without merit. There is insufficient evidence in the record that indicates a prejudicial effect on Williams. Williams claims that he was unaware that Humphreys was to testify. However, he was given an opportunity to meet with Humphreys and discuss his testimony prior to its receipt by the Court. The prosecution *254 called Humphreys for the limited purpose of stating how much money was missing. Williams was unable to identify any prejudice, either actual or probable, caused by admitting Humphreys' testimony.
¶ 14. Williams also contends that there was misconduct by the prosecution in its publication of a fingerprint to the jury without entering it into evidence. During the prosecution's direct examination of Melvin Jones, he displayed an enlarged fingerprint to demonstrate the points of identification. The trial judge determined that the demonstrative aid might be used for identification purposes only. There were no further objections by the defense regarding the witness publishing the document to the jury. As noted by the trial court, "In any event, there was no motion for mistrial at the time, which does have to be made contemporaneous with the objection, and that was not done, so the Court did not have an opportunity to rule on any motion for mistrial contemporaneous with the objection. So in the opinion of the Court this motion is too late. And in any event, the Court believes that there was minimal prejudice, if any, no unfair prejudice in the opinion of the Court to the defendant. It was only shown earlier just for a moment."
¶ 15. We agree with the reasoning of the trial judge. These issues are without merit.

V. Introduction of Evidence of Prior Arrest
¶ 16. Williams contends that the prosecution violated the pre-trial ruling barring mention of prior arrests as well, as M.R.E. 404. Prior to the testimony of the fingerprint analyst, Melvin Jones, Williams objected to any statements that indicated the Jackson Police Department's fingerprint database was composed of known prints of arrested individuals and city employees. It was Williams' position that to allow testimony as to the source of the database would place before the jury information related to his prior convictions. Williams fingerprints had been matched from a fingerprint card in that database obtained during a prior arrest.
¶ 17. Having successfully obtained a ruling from the trial court prohibiting the mention of any of his prior arrests, Williams, then sought to exclude the fingerprint card used to identify his prints taken from the bank. Williams argued that the card was not self-authenticating; therefore, the State was required to prove the authenticity of the card. He also argued that the order barring mention of any of his prior arrests precluded the testimony necessary to authenticate the fingerprint card. Through these positions, Williams attempted to place the prosecution in a classic "Catch 22" situation. The trial judge noted this saying:
If the defendant persists in its objection concerning the proper foundation, then there could never be any testimony, obviously, in any case like this because, otherwise, there is always going to be in laying the foundation that this database is used, and if you want him to go into detail, it's going to be coming from the state or city employees and from those who have been arrested. And so you're running close to bringing out, if this is brought out, that this defendant has been previously arrested, although he was a city employee, too. So that's just the risk that the defendant runs.
. . . So he has to bring it out unless there can be some stipulation that the defendant wants to enter into to try to avoid that prior arrest being brought out during the foundation and agree to some stipulation that he did make the comparison with the print that he had or something of that nature without *255 going into the source of that with some arrest and from the city if the parties can stipulate on it. But other than that, it's going to have to come in as it is.
¶ 18. In an effort to deal fairly with the prosecution and the defense, the trial court noted that unless the authenticity of the fingerprint card was stipulated to, then there must be information that there was a database and the composition of that database.
¶ 19. Rule 102 of the Mississippi Rules of Evidence states, "These rules shall be construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion and growth of the law of evidence to the end that the truth may be ascertained and proceedings justly determined." The actions of the trial court were consistent with that purpose and construction.
¶ 20. This Court finds that this issue is without merit.

VI. Limiting Instruction
¶ 21. Williams contends that the State solicited speculative and improper testimony from Charles Taylor regarding the fact that Williams carried a pair of pliers on his person. The defense attorney's objection to the line of questioning was sustained by the trial judge. However, the defense counsel did not request the trial judge to admonish the jury to disregard the questioning. Williams contends that the trial court should have issued a limiting instruction sua sponte.
¶ 22. "It is the rule in this State that where an objection is sustained, and no request is made that the jury be told to disregard the objectionable matter, there is no error." Marks v. State, 532 So.2d 976, 981 (Miss.1988) (citing Simpson v. State, 497 So.2d 424, 431 (Miss.1986); Gardner v. State, 455 So.2d 796, 800 (Miss. 1984)). We find no merit in this issue.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF BUSINESS BURGLARY AND SENTENCE AS AN HABITUAL OFFENDER TO SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.