ISHEE, J.,
 

 for the Court:
 

 ¶ 1. In April 2009, Lamarcus Collins a/k/a “Two Pistols” was tried and convicted in the Montgomery County Circuit Court of armed robbery and sentenced to twenty-five years in the custody of the Mississippi Department of Corrections (MDOC). Aggrieved by his conviction, Collins appeals. He asserts that the trial court abused its judicial discretion in denying his motion for a mistrial. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On September 20, 2008, at approximately 9:00 p.m., a masked man entered the home of Michelle Branch and robbed her at gunpoint of approximately fifty dollars. Branch, who was home alone, initially was unable to identify the robber because the robber wore a stocking cap to cover his face. According to her testimony at trial, Branch was able to identify the robber once he approached her and demanded all of her money. Branch recognized the robber as “Two Pistols.” Branch later identified Collins as the person she knew as “Two Pistols.” Branch stated that she recognized Collins because he was a friend of several of her family members and because he had visited her house several times in the past.
 

 
 *1241
 
 ¶ 3. After the robbery, Branch ran to her door to see which way the robber went, but she was unable to see him. She went back inside her home and called the police. Officer Michael Spellman of the Winona Police Department was one of the first responding officers on the scene. Officer Spellman interviewed Branch, Collins, and Sarjenka Richardson, who was an eyewitness.
 

 ¶ 4. Officer Spellman testified that Branch first identified the robber as “Two Pistols” or Mark; however, Officer Spell-man later found out that the robber was Collins.
 
 [1]
 
 Richardson, who lived next door to Branch, testified that Collins was on Branch’s street on the night of the robbery. Richardson also testified that she saw Collins wearing a stocking cap on his head prior to the robbery at Branch’s home.
 

 ¶ 5. The week of Collins’s trial three alibi witnesses were discovered: Collins’s second cousin Shandra Davis, Ariel Miller, and Cortez Lewis. Davis and Miller both testified that Collins was with them at Davis’s house playing a card game during the time Branch was robbed. However, even though Lewis recalled playing a card game at Davis’s house with Collins, he was not sure of the date that the card game was played.
 

 ¶ 6. All three of Collins’s alibi witnesses testified that they knew for approximately six months that Collins was with them at Davis’s house playing a card game during the time Branch was robbed. However, they chose not to go to an official to report this information until the week of Collins’s trial because they thought it was the job of the police to find them prior to trial, even though the police never had any information that they were possible alibi witnesses for Collins.
 

 ¶ 7. Collins testified on his own behalf and stated that he was playing cards at Davis’s home during the time Branch was robbed. He stated that he did not leave Davis’s home until 11:00 p.m. or 11:30 p.m. He testified that earlier that day he had purchased a cigarette from Branch’s son, but he denied robbing Branch.
 

 ¶ 8. Prior to trial, Collins filed a motion in limine to prevent the State from referring to him by his nickname, “Two Pistols.” The State argued that “Two Pistols” was the only name that Branch initially used to identify Collins. The trial court reserved time for the defense to object to the use of the nickname after the trial testimony had begun. However, before any witness took the stand, the State referred to Collins as “Two Pistols” in its opening statement to the jury. Collins then objected to the use of the nickname and argued that based on his motion in limine, the parties had not gotten to that point in testimony where the introduction of his nickname was to occur. The trial court admonished the State to refer to Collins by his name, and the trial continued.
 

 ¶ 9. The jury deliberated for approximately one hour and returned a verdict finding Collins guilty of armed robbery. Collins then filed a motion for a judgment notwithstanding the verdict or, in the alternative, a motion for a new trial. The trial court denied the post-trial motions. Collins then filed the present appeal. He asserts that the trial court abused its discretion when it denied his motion for a mistrial because the use of the nickname “Two Pistols” in the State’s opening statement was so prejudicial that it negatively influenced the jury’s decision and denied
 
 *1242
 
 him of his right to a fair and impartial trial.
 

 DISCUSSION
 

 ¶ 10. Collins asserts that the trial court erred in not granting his motion for a mistrial after the State used his nickname, “Two Pistols,” in its opening statement. Collins further asserts that the State’s mention of the nickname “Two Pistols” before witness testimony had begun created an irreparable prejudice to the defense. Collins further argues that because the trial court did not admonish the jury to disregard the remark, Collins’s right to a fair trial was significantly impaired because the jury’s attention was substantially deflected from the issue of whether Collins had committed the armed robbery to whether “Two Pistols” had committed the armed robbery.
 

 ¶ 11. “We review the trial court’s decision to grant, or deny, a mistrial under an abuse of discretion standard. A trial judge possesses the authority to declare a mistrial where prosecutorial conduct substantially deflects the attention of the jury from the issues that it has been called upon to decide or appeals to bias, passion, or prejudice, and, therefore, significantly impairs a defendant’s right to a fair trial.”
 
 Williams v. State,
 
 919 So.2d 250, 253 (¶ 12) (Miss.Ct.App.2005). (citations omitted). The trial judge is permitted considerable discretion in determining whether a mistrial is warranted since the judge is in the best position to measure the prejudicial effect.
 
 Id.
 
 (citation omitted). The standard of review for alleged attorney misconduct during opening statements or closing remarks is “whether the natural and probable effect of the improper argument is to create unjust prejudice against the accused so as to result in a decision influenced by the prejudice so created.”
 
 Slaughter v. State,
 
 815 So.2d 1122, 1130 (¶ 45) (Miss.2002).
 

 ¶ 12. There is insufficient evidence in the record that indicates a prejudicial effect to Collins. In addition, no abuse of judicial discretion has been demonstrated. The nickname “Two Pistols,” which was listed in Collins’s indictment, had eviden-tiary support in the record from the testimony of Branch.
 

 ¶ 13. Accordingly, the reference to “Two Pistols” in the State’s opening statement was an accurate statement of what the State intended to prove. Branch’s testimony linked Collins’s name to the nickname “Two Pistols.” We find no merit to this issue.
 

 ¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF MONTGOMERY COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONTGOMERY COUNTY.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS AND MAXWELL, JJ„ CONCUR. KING, C.J., CONCURS IN RESULT ONLY.
 

 [1]
 

 . It is not clear from the record how Officer Spellman was able to later identify "Two Pistols" as Collins.