# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-01408-COA

KENDRICK D. SMITH A/K/A KENDRICK                 APPELLANT
DEWAYNE SMITH A/K/A KENDRICK SMITH

v.

STATE OF MISSISSIPPI                                  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/25/2013 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON JR. |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE MARIE MCMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| DISTRICT ATTORNEY: | RONNIE LEE HARPER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF ARMED ROBBERY, AND SENTENCED TO FORTY YEARS, AND AGGRAVATED ASSAULT UPON A LAW ENFORCEMENT OFFICER, AND SENTENCED TO THIRTY YEARS, WITH THE SENTENCES TO RUN CONSECUTIVELY, BOTH IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED: 01/27/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     An Adams County jury found Kendrick D. Smith guilty of armed robbery and aggravated assault on a law enforcement officer. Smith was sentenced to forty years for

armed robbery and thirty years for aggravated assault, to be served consecutively while in the custody of the Mississippi Department of Corrections. Smith moved for a mistrial twice during the trial. His motions were denied. Smith's motion for a new trial was also denied. Finding no error, we affirm.

**FACTS**

¶2. On June 24, 2011, an employee of the Kentucky Fried Chicken (KFC) in Natchez, Mississippi, noticed a man crouched in the bushes outside the restaurant. The man, masked by a bandana, gestured to the employee to keep quiet. The employee returned inside the KFC and told his manager that the man was likely to rob a customer through the drive-through line. The manager sought help from three sheriff's deputies – Major Billy Neely, Charles Hargill, and Buddy Frank – who were eating lunch in the restaurant.

¶3. Around that time, a robbery took place at United Mississippi Bank (the Bank), next to the KFC. When the deputies went outside to confront the man in the bushes, they saw him running away from the Bank. Major Neely identified the suspect as a black male wearing a bandana, cap, and t-shirt. The suspect fired three shots in the direction of the officers, wounding Deputy Frank in his right leg. Deputy Frank fired back, hitting the suspect in the shoulder. After he was shot, the suspect threw money into the air and ran towards Natchez Ford Dealership, leaving behind a trail of money. Major Neely lost sight of the suspect. The police later arrested Smith, who was found near the crime scene behind Plantation Manor Apartments. Smith was missing a t-shirt and hat, but otherwise matched the description of the suspect. Smith also had a gunshot wound in the same area as the suspect.

2

¶4.    Smith was charged in a five-count indictment with armed robbery of the Bank and aggravated assault against each of the sheriff's deputies and an employee of the Ford dealership.  At his first trial, Smith was found not guilty on three counts of aggravated assault.  But the jury deadlocked on the armed robbery and aggravated assault against Deputy Frank.  Smith was tried a second time on those remaining charges.

¶5.    Three tellers working at the Bank during the robbery testified at Smith's second trial. They all described the robber as a black male wearing a baseball cap and t-shirt, with a bandana over his face.  One teller testified that the robber wore yellow gloves and fired three shots in the Bank.  None of the tellers could identify the suspect.

¶6.    Smith testified is his own defense, claiming he was mistaken for the actual suspect. He stated that he had been sitting in a friend's car outside an apartment complex drinking gin on the day of the robbery.  According to Smith, someone lured him behind the apartments, asking for help.  Smith testified that he was then robbed at gunpoint, forced to change into different clothing, and shot from behind.

¶7.    Detective Otis Mazique testified that Smith confessed to the robbery and assault during an interview a few days after the incident.  Smith's signed confession was admitted into evidence.

¶8.    During the trial, Smith moved for a mistrial based on juror misconduct and an individual taking photographs in the courtroom. His motion was denied.  Smith also objected to testimony from DNA expert Leslia Davis, who stated that Smith's DNA was found on the money collected from the crime scene.  The trial court sustained Smith's objection and

3

instructed the jury to disregard that portion of the expert's testimony. Smith also moved for a mistrial based on the testimony, arguing the evidence heard by the jury was highly prejudicial and an incurable error. The court denied Smith's motion. The jury found Smith guilty on both counts. Additional facts pertaining to the trial will be discussed below, as necessary.

## STANDARD OF REVIEW

¶9.    "Whether to grant a motion for a mistrial is within the sound discretion of the trial court. The standard of review for denial of a motion for [a] mistrial is abuse of discretion." *Gunn v. State*, 56 So. 3d 568, 571 (¶14) (Miss. 2011) (quoting *Caston v. State,* 823 So. 2d 473, 492 (¶54) (Miss. 2002)).

## DISCUSSION

### I.  Juror Misconduct

¶10.    Smith argues that the court should have granted a mistrial based on juror misconduct. During the morning of the trial, Smith's attorney informed the court that one of the jurors made a comment about the case, using the words "pleading guilty." The court handled the matter later, during the noon recess. The meaning behind the juror's statement was unclear. In an abundance of caution, the court removed the juror and replaced him with the first alternate. The defense then requested a mistrial, in conjunction with another issue, which the court denied.

¶11.    Given that Smith failed to move for a mistrial contemporaneously with his motion to excuse the juror, this issue is procedurally barred. *See Robinson v. State*, 747 So. 2d 847,

850 (¶9) (Miss. Ct. App. 1998) (finding defendant's issue procedurally barred, as his trial counsel failed to move for a mistrial contemporaneously to the incident's occurrence). Procedural bar notwithstanding, nothing in the evidence demonstrates that Smith was prejudiced by the juror's comment or that the jury was tainted in any way. We find that the judge properly exercised his discretion in excusing the juror and replacing him with an alternate juror, without granting a mistrial. This issue has no merit.

## II. Photographs Taken in Courtroom

¶12. Smith requested a mistrial after an employee from the sheriff's department was seen taking photographs in the courtroom during the trial. Smith claimed that the employee was taking pictures of the jury, which caused intimidation and affected their decision. During an in-chambers discussion, it was revealed that the employee handled public relations for the sheriff's office. The judge recognized her from another high-profile case, where she took pictures of the defendant in his courtroom. The judge stated that he saw the employee in the back of the courtroom that morning of Smith's trial but did not see her take pictures of the jury. He denied Smith's motion for a mistrial but assured both parties that he would instruct the employee never to take photographs of the jury in the future. The judge later spoke with the employee, who stated she had not taken any photographs of the jury.

¶13. Rule 4 of the Mississippi Rules for Electronic and Photographic Coverage of Judicial Proceedings "places limitations on the use of the technology to prevent disruption [and to] protect jurors . . . . It is within these limits that the presiding judge's discretion and courtroom management must be exercised." *In re WLBT*, 905 So. 2d 1196, 1199 (¶7) (Miss. 2005).

5

Here, the judge stated that taking pictures of the jury was "clearly inappropriate" but that the employee may not have been aware that such photography was prohibited. He further determined that the conduct did not warrant a mistrial. There is no evidence that the jury was intimidated by the photographer. Moreover, the judge was in the best position to determine the prejudicial effects of the employee's conduct in the courtroom. We find the judge was well within his discretion to deny Smith's motion for a mistrial. Accordingly, this issue is without merit.

### III. Testimony Regarding DNA Evidence

¶14. During her testimony, Davis stated that Smith's DNA was consistent with the DNA found on a two-dollar bill from the crime scene. Davis had already testified that Smith's DNA was consistent with the DNA found on the bandana, hat, and glove recovered in the woods near the crime scene. Smith's attorney objected, stating that she had received discovery on the bandana, hat, and glove, but not the two-dollar bill. It is unclear from the record whether the State actually provided the contested evidence to the defense in discovery; however, the district attorney stated that he thought he had disclosed the information. After conferring with both parties, the court sustained Smith's objection. Smith's attorney also motioned for a mistrial, which was denied by the court. The court reasoned that Smith suffered no undue prejudice, since other admitted evidence recovered near the crime scene was consistent with Smith's DNA.

¶15. The judge instructed the jury to disregard Davis's testimony about Smith's DNA on the two-dollar bill. "It is presumed that a jury follows the direction of a trial judge to

6

disregard an improper comment or testimony." *Williams v. State*, 971 So. 2d 581, 590 (¶31) (Miss. 2007) (citation omitted). The record lacks any indication that Smith was prejudiced or that the jury was tainted by the testimony. As the judge stated in his ruling, the jury had already heard evidence that Smith's DNA was consistent with other items connected to the crime. Further, we must assume that the jury followed the judge's instruction and disregarded the contested testimony. The court did not abuse its discretion in denying Smith's request for a mistrial. Consequently, this argument lacks merit.

### IV. Smith's Pro Se Supplemental Brief

¶16.     Smith filed a pro se supplemental brief in addition to the brief filed by the Office of the State Public Defender, Indigent Appeals Division. Smith raises several issues regarding the denial of certain pretrial motions. The State failed to file a reply to Smith's pro se brief. When asked to reply to the errors in oral argument, the State discussed some, but not all, errors submitted by Smith. After our thorough review of the record in this case, we find that Smith raises no arguable issues in support of his appeal that merit discussion on review.

¶17.     **THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY, AND SENTENCE OF FORTY YEARS, AND AGGRAVATED ASSAULT UPON A LAW ENFORCEMENT OFFICER, AND SENTENCE OF THIRTY YEARS, WITH THE SENTENCES TO RUN CONSECUTIVELY, BOTH IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.**