# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-01656-COA

ANTWAINE LIDDELL A/K/A ANTWAINE MAURICE LIDDELL

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/14/2016 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY JR. |
| COURT FROM WHICH APPEALED: | SHARKEY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ERIN ELIZABETH BRIGGS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| DISTRICT ATTORNEY: | RICHARD EARL SMITH JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 01/08/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WESTBROOKS, J., FOR THE COURT:**

¶1. Following a jury trial, Antwaine Liddell was convicted in the Sharkey County Circuit Court on seven counts: one count of deliberate design murder, one count of burglary of a dwelling, one count of armed robbery, three counts of kidnaping, and one count of conspiracy to commit armed robbery. Subsequently, he was sentenced to life plus fifty years in the custody of the Mississippi Department of Corrections (MDOC). Aggrieved, Liddell filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. The circuit court denied Liddell's motion. He now appeals. Finding no reversible

error, we affirm.

## FACTS

¶2.     In March 2014, Eric Williams Sr. was killed at his home during a burglary. Liddell

and five others were indicted in Sharkey County for the crime. In August 2016, Liddell's

motion for a change of venue was granted,[1] and venue was transferred to the Forrest County

Circuit Court. After a jury trial in October 2016, Liddell was convicted on seven counts: (1)

deliberate design murder, (2) burglary of a dwelling, (3) armed robbery, (4 -6) kidnaping, and

(7) conspiracy to commit armed robbery. Liddell was sentenced to life on count I, fifteen

years on count 2, twenty years on count 3, ten years on count 4, ten years on count 5, ten

years on count 6, and five years on count 7. The circuit court ordered that counts 4, 5, and

6 be served concurrently with each other and consecutively to counts 1, 2, 3, and 7, which

are to be served consecutively to each other, totaling a life sentence plus fifty years.

¶3.     Liddell filed a motion for JNOV or, in the alternative, a new trial. The circuit court

denied his motion, and he timely appeals.

## STANDARD OF REVIEW

¶4.     In reviewing a motion for JNOV or a motion for a new trial, this Court has held that:

> A motion for JNOV challenges the sufficiency of the evidence presented to the
> jury. The critical inquiry is whether the evidence shows beyond a reasonable
> doubt that the accused committed the act charged, and that he did so under
> such circumstances that every element of the offense existed. This Court's
> standard of review is to analyze the evidence in the light most favorable to the

---

[1] Frank Finley, a co-conspirator, was granted a change of venue after voir dire because there were not enough impartial jurors to comprise a jury. The circuit court granted Liddell's motion anticipating the same issue due to the "common knowledge, family connections and employment issue in [the] small rural community."

prosecution, and decide if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The appellee receives the benefit of all favorable inferences that may be reasonably drawn from the evidence. Furthermore, all credible evidence supporting the verdict will be accepted as true. This Court will reverse on the issue of legal sufficiency of the evidence when the facts favor the appellant to such an extent that reasonable men could not have found appellant guilty. However, this Court is required to affirm the judgment of the trial court on the sufficiency of the evidence where substantial evidence of such quality and weight exists to support the verdict and where reasonable and fair minded jurors may have found appellant guilty.

*Sacus v. State*, 956 So. 2d 329, 334 (¶12) (Miss. Ct. App. 2007) (citations and internal quotation marks omitted).

Alternatively, unlike a motion for JNOV, a motion for a new trial challenges the weight, not the sufficiency, of the evidence. This Court will review the trial court's denial of a motion for a new trial under an abuse of discretion standard. This Court will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. The evidence will be analyzed in the light most favorable to the verdict.

*Id.* at (¶13) (citations and internal quotation marks omitted).

**DISCUSSION**

I.      *Whether the trial court erred in overruling Liddell's hearsay objections.*

¶5.     Liddell asserts that the circuit court erred in allowing three witnesses to introduce inadmissible hearsay testimony. "The standard of review regarding admission or exclusion of evidence is abuse of discretion." *Tillis v. State*, 176 So. 3d 37, 45 (¶15) (Miss. Ct. App. 2014). "Where error involves the admission or exclusion of evidence, this Court will not reverse unless the error adversely affects a substantial right of a party." *Id.* "Unless the trial court has so abused this discretion as to prejudice the defendant's case, we will not reverse

3

the ruling of the trial court." *Id.* "We employ a de novo standard of review when presented with constitutional issues." *Id.*

### A. Lacarius Oliver and Rusty Clark

¶6. Liddell asserts that the circuit court erred in allowing Investigators Lacarius Oliver's and Rusty Clark's testimonies because certain statements were hearsay and did not meet any exception. Hearsay is an out-of-court statement made by the declarant that is offered into evidence to prove the truth of the matter asserted. *See* M.R.E. 801. This Court has held that:

> An officer's testimony being offered to explain why he or she acted as he or she did, and not for the truth of the matter asserted, is not hearsay and is admissible. Information obtained in the course of an investigation is admissible when it is for providing the basis of the investigation and ultimate arrest of the defendant.

*Jefferson v. State*, 214 So. 3d 1071, 1078 (¶19) (Miss. Ct. App. 2016) (citations omitted).

¶7. The statements of Investigators Oliver and Clark are not hearsay. Liddell's assignments of error stem from three statements made by Oliver about receiving information from another investigator, a lead sheet from an anonymous phone call, and an interview of Brandon Gilmore's wife. In the first statement, Oliver responded, "I want to say the other investigator told me that, but it was . . ." after being asked how information about residents from Copiah County were involved in the incident. We find that this statement was properly admitted because Oliver was describing why he turned his attention to residents in Copiah County next in his investigation and it was not offered for the truth of the matter asserted.

¶8. The second assignment of error arose from the line of questioning about the lead sheet. Once again, we find that Oliver's testimony was properly admitted because it was a

4

part of his investigation and was not offered to assert the veracity of the contents of the lead sheet.

¶9. Lastly, the State asked Oliver if there were any discrepancies in the information given by Gilmore in his interview and the information that Gilmore's wife gave in hers. We also note that Oliver's response of "[n]o" was given in describing the next steps of his investigation and not to testify to the content of Gilmore's or his wife's interviews.

¶10. Additionally, Liddell asserts that Clark's testimony was also admitted in error. During trial the State asked Clark, "[a]fter speaking to Mr. Washington, did you look for any individuals with any height and weight characteristics?" Liddell objected stating that the State was attempting to get Clark to testify about what Washington said. The State countered that Clark was only testifying to his investigation process; we agree. As previously stated, "[i]nformation obtained in the course of an investigation is admissible when it is for providing the basis of the investigation and ultimate arrest of the defendant." *Jefferson*, 214 So. 3d at 1078 (¶19); *see also Lawrence v. State*, 116 So. 3d 156, 160 (¶19) (Miss. Ct. App. 2007) (quoting *Smith v. State*, 984 So. 2d 295, 300 (¶8) (Miss. Ct. App. 2007)). Clark's statement was made about the description of the course of action he had taken when investigating the crime, not for the truth of the matter asserted, and the circuit court properly allowed the testimony. Accordingly, we find these issues lack merit.

### B. Allison Patrick

¶11. Liddell also asserts that Patrick's testimony was hearsay. The State argued that Patrick's testimony fell under a hearsay exemption as an opposing party statement.

5

"Mississippi Rule of Evidence 801(d)(2)(E) exempts from the definition of hearsay any out-of-court statement which is offered against a party only if that statement was made by a co-conspirator of a party during the course and in furtherance of the conspiracy." *Johnson v. State*, 956 So. 2d 358, 367 (¶21) (Miss. Ct. App. 2007) (internal quotation mark omitted). Here, Patrick was indicted for the same crimes as Liddell, and although they were not tried together as co-defendants, it was undisputed that they were co-conspirators in the crime. What was in dispute during the trial was Patrick's testimony to events that happened outside of Liddell's presence. After review of the record, we find that the circuit court properly restrained Patrick's testimony to events that happened only while Liddell was present.

¶12. In contrast, we find that the court allowed Patrick to testify outside of that perimeter in error, but we find that it was harmless error. In defining harmless error, the Mississippi Supreme Court has stated that:

> The United States Supreme Court has explained that a defendant is entitled to a fair trial but not a perfect one, for there are no perfect trials. While there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error, most constitutional errors can be harmless. The Supreme Court has recognized a limited class of fundamental constitutional errors, structural errors, that are not subject to harmless-error analysis and require automatic reversal. However, for all other constitutional errors, reviewing courts must apply harmless-error analysis in order to determine whether the error was harmless beyond a reasonable doubt. An otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt.

*Smith v. State*, 986 So. 2d 290, 300 (¶31) (Miss. 2008) (internal quotation marks omitted).

¶13. Here, Patrick testified to events that happened between her and Frank Finley after Liddell exited the vehicle. Patrick testified that Finley showed her the additional drugs he

6

had stolen unknown to the others, that she and Finley traveled alone to a motel, and that they eventually traveled to Texas. We find the admission of this testimony to be error. However, in considering that none of the testimony given went to prove the elements of any of the seven charges Liddell was convicted of, we find Patrick's testimony to be harmless. The record reflects that evidence supporting Liddell's convictions was sufficient to support the jury's verdict. Therefore, we find that this error was harmless beyond a reasonable doubt.

II.    *Whether the trial court erred in denying Liddell's motion for mistrial.*

¶14.    Liddell asserts that he was prejudiced by the trial court's allowance of Jimmy Washington's testimony. Liddell states that Washington was left off of the prosecution's witness list and he did not have time to prepare for his testimony. "Whether to grant a motion for a mistrial is within the sound discretion of the trial court." *Smith v. State*, 158 So. 3d 1182, 1185 (¶9) (Miss. Ct. App. 2015). "The standard of review for denial of a motion for a mistrial is abuse of discretion." *Id.*

¶15.    Moreover, "[a] trial judge possesses the authority to declare a mistrial where prosecutorial conduct substantially deflects the attention of the jury from the issues that it has been called upon to decide or appeals to bias, passion, or prejudice, and, therefore, significantly impairs a defendant's right to a fair trial." *Williams v. State*, 919 So. 2d 250, 253 (¶12) (Miss. Ct. App. 2005). "The trial judge is permitted considerable discretion in determining whether a mistrial is warranted since the judge is best positioned for measuring the prejudicial effect." *Id.* Here, although Washington was not on the final witness list for

7

the prosecution, we do not find that the circuit court erred in allowing him to testify. The State had included Washington in discovery, as well as provided his prior felony convictions in their list of witnesses to defense counsel. More importantly, the circuit court allowed Liddell time to interview the witness before he took the stand, which he took. Accordingly, we find this issue lacks merit.

## CONCLUSION

¶16. Because we do not find that the circuit court erred in allowing Oliver, Clark, or Washington to testify and part of Patrick's testimony was harmless error, we affirm Liddell's conviction.

¶17. **AFFIRMED.**

**GRIFFIS, C.J., BARNES AND CARLTON, P.JJ., GREENLEE AND TINDELL, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. McDONALD, LAWRENCE AND McCARTY, JJ., NOT PARTICIPATING.**